UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-03765-RGK (RAOx)** | Date | July 23, 2018 |
|---|---|---|---|
| Title | ***JUNKA PRICE v. H.I.S. INTERNATIONAL TOURS NY INC. et al.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER REMANDING CIVIL ACTION TO SUPERIOR COURT**

On April 3, 2018, Junka Price ("Plaintiff") filed a complaint in Los Angeles Superior Court against H.I.S. International Tours NY Inc., Yukitoshi Tanigawa, Adachi Masako, and Susumu Yokota (collectively, "Defendants"). Plaintiff asserted common law claims based upon violations of privacy at her workplace.

On May 4, 2018, Defendants removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must supply this jurisdictional fact in the Notice of Removal by a preponderance of the evidence. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992).

In her complaint, Plaintiff seeks compensatory damages, punitive and exemplary damages, mental and emotional distress damages, medical expenses, costs of the lawsuit, interest on all damages, and attorney's fees. In support of its removal, Defendants calculate that based on Plaintiff's hourly rate, her lost wages are $32,963.89. Defendants further calculate that Plaintiff's lost employment benefits are $8,240.96. In total, Defendants posit that the total value of Plaintiff's lost wages and benefits is $41,240.96. Defendants then state that, including all other requested damages, the amount in controversy exceeds the jurisdictional minimum.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-03765-RGK (RAOx)** | Date | July 23, 2018 |
|---|---|---|---|
| Title | ***JUNKA PRICE v. H.I.S. INTERNATIONAL TOURS NY INC. et al.*** | | |

Defendants fail to prove that the amount in controversy exceeds $75,000 by a preponderance of the evidence. With $41,240.96 as a starting point, and with speculative evidence regarding emotional distress damages, Defendants do not meet the minimum amount in controversy, as attorneys' fees and punitive damages are also too speculative.

District courts within the Ninth Circuit are split with respect to including prospective attorneys' fees in the amount in controversy, and some courts have declined to do so. *See, eg., MIC Philberts Invs. v. Am. Cas. Co of Reading, Pa.*, 2012 WL 2118239 at *5 (E.D. Cal. June 11, 2012). In those cases, the courts have found that attorneys' fees are in the control of the client and counsel and may be avoided or accrue over years, depending on legal strategy. *See Grieff v. Brigandi Coin Co.*, 2014 WL 2608209 at *3 (W.D. Wash. June 11, 2014). The Court finds those holdings well-reasoned and finds that prospective attorneys' fees are too speculative for inclusion into amount in controversy.

As to punitive damages, Defendants speculate that the award might be $32,963.89, a multiple of 1 of the amount in controversy for Plaintiff's lost wages claims. However, Defendants offer little evidence to support its use of the multiplier. Even if Defendants had properly supported their claim, the total alleged damages - $41,240.96 for lost wages and benefits and $32,963.89 for punitive damages - are $74,204.85. This does not exceed the required $75,000.

Accordingly, the Court is not satisfied that Defendants have satisfied their burden of showing by a preponderance of the evidence, that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                :

Initials of Preparer